UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20535-CIV-KING

ERIC C. BILBAO, on his own behalf
and others similarly situated,

    Plaintiff,

v.

BROTHERS PRODUCE INC.
and CLAUDIO R. ANGULO,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (DE #8), filed April 1, 2013. The Court, being briefed on the matter,[1] finds that the Motion should be granted.

### I. BACKGROUND

This is an action for unpaid wages under state and federal law. On February 13, 2013, Plaintiff Eric Bilbao ("Bilbao") filed a four-count Complaint (DE #1) claiming he was due unpaid overtime and minimum wages under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (Counts I and II); unpaid minimum wages under Article X, Section 24, of the Florida Constitution (Count III); and declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* (Count IV).

---

[1] Plaintiff filed a Response (DE #10) on April 18, 2013. Defendant filed a Reply (DE #11) on April 29, 2013.

1

Defendants were served on February 28, 2013 (DE #4) and then, after being granted an extension of time to answer (DE #7), moved on April 1, 2013 to dismiss the complaint for lack of subject matter jurisdiction. Exhibit A to Defendants' Motion was the pre-litigation demand letter that Plaintiff Bilbao had sent Defendants on July 25, 2012, in which he demanded $4,855.68 in actual and liquidated damages. (DE #8-1). Exhibit B was a copy of Defendants' tender of payment to Plaintiff Bilbao, in the form of a cashier's check for $4,855.68, dated March 29, 2013. (DE #8-2). The letter that accompanied the check was explicit that the tender of payment was for the purpose of mooting Plaintiff Bilbao's claims and was "not intended to be construed as an offer of settlement, offer of judgment, or admission of liability." (*Id.* at p. 2). The letter was dated April 1, 2013, the same day that Defendants filed their Motion. (*Id.*).

The action was filed in the name of "Eric C. Bilbao, on his own behalf and others similarly situated." (DE #1). No other plaintiffs had been joined by a filing with the Court at the time Defendants tendered full payment to Plaintiff Bilbao. Subsequently, on April 18, 2013, counsel for Plaintiff Bilbao filed Notice of Filing Notice of Consent to Join (DE #9), naming Yenisei Valdes Gonzalez ("Gonzalez"), Stephanie Barahona ("Barahona"), Jose Sergio Pravia ("Pravia"), and Ingrid Zapata ("Zapata") as additional named plaintiffs.

## II. LEGAL STANDARD

If at any point a district court determines that it lacks subject-matter jurisdiction, "the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. Pro. 12(h)(3). Attacks on subject-matter

jurisdiction come in two varieties: Facial attacks challenge the face of the pleadings, while factual attacks challenge jurisdiction as a matter of fact, regardless of the allegations in the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "In resolving a factual attack, the district court may consider extrinsic evidence." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

At a threshold level, district courts may only exercise jurisdiction over actual "cases" or "controversies." U.S. CONST. art III. "For constitutional purposes, a case or controversy does not exist if the court cannot grant the aggrieved party the relief it seeks, that is, the court is unable to remedy the injury the aggrieved party has suffered." *Nat'l Broad. Co., Inc. v. Commc'ns Workers of Am.*, AFL-CIO, 860 F.2d 1022, 1029 (11th Cir. 1988). At that moment, the case is moot, and the court immediately "loses its authority to act and must terminate the litigation." *Id.*

### III. DISCUSSION

Defendants are correct in arguing that Plaintiff's claims were mooted the moment they tendered payment for the full damages that Plaintiff could recover under his claim, *see Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1200 (11th Cir. 2012); *Gathagan v. Rag Shop/Hollywood, Inc.*, No. 04–80520–CIV–RYSKAMP, 2005 WL 6504414, at *2 (S.D. Fla. Feb. 10, 2005), and that Plaintiff is not a "prevailing party" for the purpose of being awarded attorneys fees under the FLSA's fee-shifting provision. *See Gathagan*, 2005 WL 6504414, at *2. Accordingly, Counts I and II are moot. Further, because the declaratory judgment claim sought a declaration as to "FLSA dispute," Count IV is moot, too. *See Ashcroft v. Mattis*, 431 U.S. 171, 172–73 (1977). Having dismissed

Plaintiff's federal claims, the Court agrees with Defendants that it should decline to exercise supplemental jurisdiction over Plaintiff's state law claim (Count III). *See Palmer v. Hosp. Authority of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994).

However, counsel for Plaintiff Bilbao argues that the case is not over. In a Response purportedly filed on behalf of Gonzalez, Barahona, Pravia, and Zapata but not Plaintiff Bilbao, Plaintiff's counsel does not dispute any of Defendants' arguments as to Plaintiff Bilbao. The Response admits that Plaintiff Bilbao's claims under Counts I and II are moot because payment was tendered and ignores Defendants arguments as to Counts III and IV. Accordingly, these claims would be abandoned even if they were not moot. *A1 Procurement, LLC v. Hendry Corp.*, No. 11-23582-CIV-ALTONAGA, 2012 WL 6214546, at *3 (S.D. Fla. Dec. 12, 2012). Instead, the two-page Response limits its attack on Defendants' Motion to the purported presence of Gonzalez, Barahona, Pravia, and Zapata in this case. Those four individuals signed consents to join the lawsuit prior to the mooting of Plaintiff Bilbao's claims—moreover, prior to the Complaint being filed. However, their consents to join were not filed with the Court until April 18, 2013.

FLSA clearly states that an individual who intends to join a FLSA complaint, if not a named plaintiff, is are not a party to the litigation until "such written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256. As the Supreme Court explained last month, a potential collective-action ends the moment the "lone plaintiff's individual claim becomes moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1526 (2013). Significantly, "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is

satisfied." *Id.* at 1529. A contrary rule would discourage defendants from tendering payment and would encourage plaintiffs' counsels to hide the ball in such actions, concealing the true number of individuals who have consented to join until the collective-action cutoff.

In this case, Plaintiff Bilbao's lone claim was mooted more than two weeks before Plaintiff's counsel filed Notice of Filing Notice of Consent to Join. At that moment, the case was closed and other similarly situated individuals could not join. Accordingly, Gonzalez, Barahona, Pravia, and Zapata are not parties to this case. "While settlement may have the collateral effect of foreclosing unjoined claimants from having their rights vindicated in [the instant] suit, such putative plaintiffs remain free to vindicate their rights in their own suits. They are no less able to have their claims settled or adjudicated following respondent's suit than if her suit had never been filed at all." *Id.* at 1531.

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendants' Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction (**DE #8**) be, and is hereby, **GRANTED**. The case is **DISMISSED as moot**, and the Clerk **shall CLOSE** it.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 7th day of May, 2013.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA
